# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MURATBEK ERGESHOV,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-4464** |
| | : | |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Warden, Federal** | : | |
| **Detention Center, Philadelphia, *et al.*,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 1st day of July 2026, upon consideration of the *petition for writ of habeas corpus*, (the "Petition"), (ECF 1), filed by Petitioner Muratbek Ergeshov, ("Petitioner"), and the answer in opposition filed by Respondents,[1] (hereinafter, the "Government"), (ECF 2), it is hereby **ORDERED** that, for the reasons set forth in the footnote opinion, the Petition for a writ of *habeas corpus* is **GRANTED**,[2] as follows:

---

[1]    Petitioner has named the following individuals as Respondents, in their official capacities: J.L. Jamison, Warden, Federal Detention Center, Philadelphia; John E. Rife, Acting Field Office Director, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, Philadelphia Field Office; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; Todd Blanche, Acting U.S. Attorney General; U.S. Department of Homeland Security; and Executive Office of Immigration Review.

[2]    Petitioner is a citizen of Kyrgystan who is alleged to have entered the United States through the southern United States Mexico border in December 2022. (Pet., ECF 1 at ¶¶ 1, 17). At that time, he was detained, processed and ultimately released to live in Philadelphia, Pennsylvania. (*Id.* at ¶ 18). On April 22, 2023, Petitioner submitted an asylum application, which remains pending. (*Id.* at ¶¶ 20-22). On July 31, 2024, a Notice to Appear was docketed with the Immigration Court, and Petitioner has appeared to comply with all such proceedings. (*Id.* at ¶ 20). On June 25, 2026, when Petitioner attended a regularly scheduled ICE check-in, he was detained by ICE in Philadelphia pursuant to 8 U.S.C. § 1225(b)(2), without prior notice or an opportunity to contest his detention. (*Id.* at ¶ 21). Prior to his detention, Petitioner has lived in Philadelphia for over three years and worked as a commercial truck driver pursuant to his employment authorization. (*Id.* at ¶¶ 1, 19).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention. Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), and his substantive and procedural due process rights under the Fifth Amendment of the United States Constitution. In its response, the Government argues that Petitioner is lawfully detained pursuant to 8

U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process. Each argument is addressed in turn.

As noted, Petitioner argues that his detention violates the plain language of the INA because Section 1225(b)(2) does not apply to individuals like Petitioner, who have already entered and were residing in the United States at the time they were apprehended. Rather, Petitioner argues, individuals such as him are subject to § 1226(a). In its response, the Government reiterates an argument that this Court and others in this district and throughout the country have addressed and rejected. Specifically, the Government argues that Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that his detention under Section 1225(b)(2) is lawful.

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and finds no reason to change its opinion. Specifically, this Court again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). The Court further finds that DHS' present authority to detain Petitioner lies at best, within § 1226(a), because he is a noncitizen who was paroled into the country without immigrant status. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA. *See id.*

Petitioner further argues that his detention violates substantive due process because it is not reasonably related to either of the two valid purposes for civil detention recognized by the Supreme Court of the United States; and violates procedural due process because it was imposed without notice or an opportunity for contest. As counter, the Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and has not yet reached an unreasonable duration.

To determine whether an immigrant detainee's substantive due process rights have been violated, "the Court must determine whether [the] detention is rationally connected to a legitimate government purpose and whether it is excessive in relation to that purpose." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 42 (M.D. Pa. 2025) (citation modified). The Supreme Court has recognized presumptive limitations on the length of immigration detention in inapposite contexts. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (announcing that, for detention authorized under 8 U.S.C. § 1231(a)(6), six months is a presumptively reasonable period of detention). Here, the Government's proffered justification for Petitioner's detention is unpersuasive. The record evidences Petitioner's years of compliance with immigration authorities and his continued efforts to secure lawful status in the United States. The Court strains to reason how his continued detention furthers the Government's interest of conducting removal proceedings because Petitioner's detention appears to bear no impact on the Government's ability to remove him. Accordingly, his detention violates substantive due process.

As to procedural due process, the Court applies the *Mathews v. Eldridge* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived as his Section 1225(b)(2) detention is without a basis in law. Finally, considering the Government's interest, this Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's

1. The Government's mandatory detention of Petitioner Muratbek Ergeshov under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the law and the Constitution of the United States and was transferred to the Pike County Correctional Facility despite this Court's Order, Petitioner is to be ***immediately*** transferred and transported from the Pike County Correctional Facility to the Federal Detention Center in Philadelphia, Pennsylvania and, upon his arrival, he is to be **immediately** released therefrom;[3]

3. The Government is further directed to return to Petitioner Muratbek Ergeshov any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on June 25, 2026; and

---

rights. On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

In light of the statutory and due process violations, Petitioner further seeks his immediate release from custody. Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.

[3] By Order dated June 30, 2026, (ECF 3), this Court instructed, *inter alia*, that the Government not move or remove Petitioner outside of the City of Philadelphia or the Federal Detention Center in Philadelphia during the pendency of this matter. Petitioner brought to the Court's attention the ICE detainee locator search results in his Petition, reflecting his detainment in the Philadelphia Federal Detention Center as of June 29, 2026. (*See* Screenshot of ICE Detainee Locator, ECF 1-4). As of the date of this Order, the same publicly available Government database shows that Petitioner is today detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania, apparently, contrary to this Court's June 29, 2026 Order. Accordingly, the Court takes judicial notice of that fact. *See Vanderklok v. United States*, 868 F.3d 189, 205 n. 16 (3d Cir. 2017) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of ... information ... made publicly available by government entities[.]"). Thus, the Government is ordered to transfer Petitioner back to the FDC with the same expediency with which it transferred him to the Pike County Correctional Facility.

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on July 2, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*